WEST v. STATE.

Opinion delivered October 28, 1912.

1. DISTURBANCE OF SCHOOL—INTENT.—Under Kirby's Digest, § 1927, providing that "any person or persons who shall, by boisterous or other noisy conduct, disturb or annoy any public or private school," shall be guilty of a misdemeanor, etc., any act which is within the terms of the statute, the natural consequence of which is to disturb a school, and which is wilfully done, and which in fact does disturb a school, comes within the statute, though the actor may have had no specific intent to disturb the school. (Page 177.)

2. SAME—INTENT.—One who went to a school house for a lawful purpose, and who was properly demeaning himself, was not guilty of disturbing the school, within the meaning of Kirby's Digest, § 1927, where, on being violently assailed by another, he defended himself, though his acts in his necessary self-defense may have disturbed the school. (Page 178.)

Appeal from Randolph Circuit Court; *John W. Meeks,* Judge; reversed.

STATEMENT BY THE COURT.

B. B. West was convicted of a misdemeanor, charged to have been committed by disturbing a public school in Randolph County, Arkansas.

Gussie Tiner, for the State, testified: "My name is Gussie Tiner. I was at the school house on the 14th day of July, 1911, where Miss Amanda Stevens was teaching when the difficulty occurred between the Wests and Segraves. Mr. West and myself and others were standing in front of the school house looking at some seats that Mr. Simpson had hauled there. Mr. Segraves came along, called Mr. West, saying that he wanted to talk with him. Mr. West replied that he would not do it. A quarrel followed, and again he asked West to come out there. Mrs. West had a club in her hand. West picked up a rock. Segraves said something to West about he would lick him or for him to come off the school grounds. They soon got into a fight, were separated and Mr. Segraves went on home. They fought and rolled over

the ground, and Mrs. West struck Segraves on the head with a stick. I saw a cut or lacrated place on West's head, but I did not see the wound made. Everybody there was excited over the fight. Many of the children ran away during the fight; some of them were crying, and the teacher was crying also. Mr. West came into the school house. Mrs. West still had the club in her hand. Mr. West talked excitedly and, as I thought, in a mad tone of voice to the teacher, Miss Stevens. He told her that his children had come home with their clothes wet and torn, and that it was her place to look after them. Mr. Simpson told all of them he thought they should hush as they had been disturbed enough, and it was time for the school to begin."

Other evidence for the State tended to show that the defendant and Segraves both used loud and boisterous language while engaged in their quarrel just preceding the fight and otherwise corroborated the testimony of Gussie Tiner.

The defendant in his own behalf testified: "There was some dissatisfaction in the school district among the patrons of the school on account of the manner in which the teacher allowed the pupils to act, and complaints had been made to the directors about it. My wife and I went to the school house on the morning of the difficulty at the request of the directors for the purpose of discussing and investigating the matter. I had no thought of trouble with any one when we went to the school house. Soon after we arrived there, R. L. Segraves came along and called to me. He had a personal grievance against me, and talked like he was mad. He called me to come out of the school yard, saying that he had a settlement that he had to make with me. I told him I had no settlement to make, and did not want to have any trouble. He said he would whip me either off of the school ground or on the school ground. I told him to go on and let me alone, that this was no place to have trouble. He then pulled a rock out of his hip pocket, and threw it at me. I dodged the rock, and then run in and clinched him, and we both fell to the ground. He had a knife in his left hand when he come up, and while we were down on the ground he cut me on the side of the head and face with the knife. I held his hand the best I could. The other men there parted us, and Segraves went

on away, and my wife and I and the other men then went in the school house. I talked to the school teacher about the way I thought she should treat my child, and told her I wanted her to make my boy mind. I did not mean to talk in a contemptuous manner, and do not think I did. I did not mean to offend the teacher in any way. Of course, I was excited over the trouble I had just had with Segraves, and perhaps talked a little loud and excited. What I said was in the presence of Mr. Simpson, one of the directors, and I believe if I had said anything out of the way to the teacher he would have called my attention to it. I had no intention at any time of disturbing either the teacher or the school."

The jury returned a verdict of guilty, and from the judgment rendered the defendant has duly prosecuted an appeal to this court.

*S. A. D. Eaton,* for appellant.

1. The indictment states two distinct offenses, and is bad for duplicity. Kirby's Dig., § 1927; 32 Ark. 203; 33 Ark. 176; 36 Ark. 55; 70 S. W. 1034.

2. The court erred in refusing to charge the jury as requested by appellant. One who is attacked by another may lawfully use such force as may be necessary to repel the assailant. 49 Ark. 543; 84 Ark. 121; 133 Ala. 613; 1 Gray 476; 53 Ala. 398; 96 Ala. 33; 11 Tex. App. 318; 108 N. C. 772.

*Hal L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1. The indictment states an offense under the statute, and is not bad for duplicity. Kirby's Dig., § 1927.

2. The instruction requested by appellant was properly refused because the effect of it was to tell the jury that appellant would not be guilty *unless he intended to disturb the school* which is not the law. 14 Cyc. 543; 133 Ala. 613; 99 Ala. 207; 8 Lea (Tenn.) 563; 92 Ala. 82; 34 N. Y. 141; 78 N. C. 448; 146 S. W. 862.

HART, J., (after stating the facts). The indictment in this case was drawn under section 1927, Kirby's Digest, which reads as follows:

"Any person or persons who shall, by any boisterous or other noisy conduct, disturb or annoy any public or private

school in this State, **or** any person not a student who, after being notified to keep off the school grounds during the school hours, by the board of directors or the superintendent or principal teacher in charge of any such school, shall continue to trespass or go upon said grounds, whether at recess or during the session of said school, shall be guilty of a misdemeanor," etc.

The indictment charged.

"The said B. B. West and Mrs. B. B. West, in the county and State aforesaid, on the 14th day of July, 1911, did unlawfully disturb and annoy the public school in School District No. 34, in Randolph County, Arkansas, by boisterous and noisy conduct, by quarrelling, by fighting, by using loud, profane, abusive language, and by trespassing upon the school grounds, during the sessions of said school. Against the peace and dignity," etc.

The section of the Digest in question states two offenses, the first of which is disturbing a school, and the second, trespassing on school grounds. It is contended by counsel for the defendant that the indictment in this case charges both of these offenses, and is therefore bad for duplicity. We do not think so. The indictment was evidently framed under the first part of the section. The indictment under the latter part of the section provides that any person, not a student, who, after being notified to keep off the school grounds during the school hours, shall continue to trespass or go upon said grounds, shall be guilty of a misdemeanor.

The indictment in question does not charge that the defendant trespassed upon the school grounds after being notified to keep off the same. Therefore, we think there was no attempt to charge two offenses, and the clause "and by trespassing upon the school grounds during sessions of said school" should be treated as surplusage.

Counsel for the defendant asked the court to give the following instruction:

"You are instructed that, if you find from the evidence that the defendant, at the time mentioned in the indictment in this cause, had gone to such school house or grounds for a lawful purpose, and was demeaning himself in a lawful manner, and while there and so demeaning himself he was attacked

by one Segraves with a knife and rock, or knife or rock, that he would be justified in defending himself against such assault, and if, in so doing, he disturbed said school without intending so to do, you should acquit him."

The court refused to give the instruction, and in effect charged the jury that, if the defendant while at the schoolhouse became engaged in a difficulty with Segraves and while engaged in such difficulty, by boisterous or other misconduct, disturbed the school, he should be convicted. The court should have given the instruction asked for by the defendant. It is true that an intent to disturb is not a necessary factor in the crime, but, on the contrary, any act which is within the terms of the statute, the natural consequence of which is to disturb, and which is wilfully done, and which in fact does disturb the school, comes under the denunciation of the statute, though the actor may have had no specific intent to disturb the school. See *Walker* v. *State*, 102 Ark. 336.

The testimony of the defendant tends to show that he went to the school house for a lawful purpose, and was conducting himself in a quiet and peaceful manner when he was insultingly approached by Segraves; and the subsequent fight was thrust upon him. Up to the time of Segraves's approach no disturbance had been created. The defendant insists that he tried to avoid a quarrel with Segraves, and did not strike him until after Segraves had assaulted him. From the imminent hostile demonstrations on the part of Segraves, as they appeared to him, the defendant had a right to stand upon his self-defense.

The defendant's testimony shows that whatever disturbance was caused by his act was in his necessary self-defense, and that he did not wilfully do or say anything that would have the effect of disturbing the school.

Therefore, the court should have given the instruction asked for by the defendant, and for the error in refusing so to do the judgment must be reversed, and the cause remanded for a new trial.